IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DON GRAVES                                                              PLAINTIFF

V.                                       NO. 14-5150

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Don Graves, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

I.       **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 12, 2009, alleging an inability to work since January 1, 2000, due to back problems/neck problems/vertigo/balance problems/and prostate problems. (Tr. 202-203, 209-213, 241, 245, 300).  The first administrative hearing was held on April 12, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 57-73).  On July 12, 2010, the ALJ issued an unfavorable decision, finding that Plaintiff had severe impairments – degenerative disk disease, vertigo, and depression; that Plaintiff had the residual functional capacity (RFC) to

1

perform unskilled light work and must avoid hazards; and that there were jobs Plaintiff would be able to perform, such as poultry worker (deboner and eviscerator); laundry and related workers and patch machine operator; and sorters (agricultural sorter). (Tr. 85-88).  On November 17, 2011, the Appeals Council remanded the matter back to the ALJ to give further consideration to Plaintiff's maximum RFC during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations, and to further evaluate the opinion of Plaintiff's treating physician, Dr. Perryman. (Tr. 93-95).  A subsequent hearing before the ALJ was held on May 24, 2012, at which Plaintiff appeared with counsel and testified.  (Tr. 38-56).

By written decision dated November 28, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – back disorder (DDD), vertigo, and adjustment disorder. (Tr. 23).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24).  The ALJ found Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows:  The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for six hours in an eight hour workday, and stand and/or walk for two hours in an eight hour workday.  The claimant can occasionally crouch, kneel, stoop, balance, crouch, or crawl.  The claimant must avoid unprotected heights and heavy machinery.  The claimant can carry out simple repetitive tasks, respond to usual work situations, occasionally interact with supervisors, co-workers, and the public, and respond to supervision that is simple, direct, and concrete.

(Tr. 26).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff  could not perform his past relevant work, but would be able to perform such jobs as machine tender, assembler, and inspector. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 20, 2014.  (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed briefs,  and are repeated here only to the extent necessary. (Docs. 8, 9).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).   The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).   A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.   Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.   See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.    Discussion:

Plaintiff raises the following issues in this matter:  1)  The ALJ's decision is not based on substantial evidence; 2) Plaintiff's intellectual development disability meets

4

listing 12.05C; and 3) The ALJ's decision fails to adequately evaluate medical opinions. (Doc. 8).

In his decision, the ALJ discussed the opinion of Plaintiff's treating physician for five years, Dr. Perryman. (Tr. 28). More specifically, the ALJ discussed the April 19, 2010 Physical RFC Questionnaire, wherein Dr. Perryman concluded that Plaintiff's experience of pain frequently interfered with attention and concentration needed to perform even simple work tasks; that Plaintiff was capable of low stress jobs; that Plaintiff could frequently lift and carry less than ten pounds, occasionally lift and carry ten pounds, and could rarely lift and carry twenty pounds, and never lift and carry fifty pounds. (Tr. 580-582). Dr. Perryman also concluded that Plaintiff could rarely look down, turn his head right or left, and look up; could rarely climb ladders, and was likely to be absent from work more than four days per month. (Tr. 582-583).

The ALJ gave Dr. Perryman's opinions expressed in the questionnaire little weight. (Tr. 28). However, later in his decision, the ALJ stated that "the opinions of the claimant's examining and treating physicians are given substantial weight consistent with 20 CFR 404.1527." (Tr. 29).

The ALJ also discussed the opinion of non-examining consultant, Dr. Alice M. Davidson, dated October 1, 2010, wherein Dr. Davidson concluded that Plaintiff could perform medium work, except Plaintiff could frequently kneel and crawl, could occasionally climb ramps/stairs, ladders, ropes/scaffolds, balance, stoop, and crouch; and was limited in reaching all directions (including overhead) – occasional overhead work. (Tr. 643-645). The ALJ gave Dr. Davidson's opinion "substantial weight." (Tr. 28).

However, in his RFC, the ALJ found Plaintiff could perform light work, but failed to include any limitations in overhead reaching.

The Court believes that it is unclear how the ALJ arrived at Plaintiff's physical functioning ability because he does not explain why he did not incorporate some of Dr. Davidson's findings into his RFC, and was inconsistent in the weight he gave to Dr. Perryman's findings.

With respect to the ALJ's decision regarding Plaintiff's mental RFC, the ALJ gave the opinion of non-examining consultant, Dr. Kay Cogbill, dated November 1, 2010, great weight. (Tr. 29). Earlier in his decision, the ALJ noted the mental diagnostic evaluation conducted by Stephen P. Nichols, Ph.D., dated October 28, 2010, where Dr. Nichols concluded Plaintiff's ability to cope with, concentrate on, and sustain persistence in completing tasks was impaired by his poor verbal comprehension as well as his preoccupation with pain. (Tr. 653).

On October 24, 2011, Thomas E. Renaghan, M.D., at the Veteran's Administration, reevaluated Plaintiff, and diagnosed him with Attention Deficit Hyperactive Disorder (ADHD), alcohol abuse, by history, cannabis abuse, by history, and gave Plaintiff a GAF score of 55. (Tr. 874). On June 20, 2012, a Mental Diagnostic Evaluation was performed by Ronald E. McInroe, Psy.D. (Tr. 1074). In his evaluation report, Dr. McInroe reported that Plaintiff did appear to be experiencing deficits in attending and concentrating, even on basic tasks, and that as a result he may have limitations in the ability of sustained persistence in complaint [sic] tasks, and that as a result, he may have some limitations in the ability to complete work related tasks within

an acceptable time frame. (Tr. 1077).  Dr. McInroe also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental), in which Dr. McInroe concluded that Plaintiff had marked restrictions in understanding and remembering complex instructions; carrying out complex instructions, and the ability to make judgment on complex work-related decisions. (Tr. 1079).  The ALJ merely addressed Dr. McInroe's findings as follows:

> During a Mental Diagnostic Evaluation by Ronald E. McInroe, Psy.D. on June 20, 2012, the claimant denied that he had ever used any illegal psychoactive substances although he admitted continued use of alcohol  This is substantially different from his admission of drug use when he was examined by Dr. Renaghan in 2011.  The claimant told Dr. McInroe that the most significant factor that affects his ability to work is physical pain.  Dr. McInroe commented that the claimant did appear to be experiencing deficits in attending and concentration, but no other functional limitations were identified.

(Tr. 28).  The ALJ failed to address Dr. McInroe's findings of marked limitations, or indicate what weight, if any, he gave to Dr. McInroe's opinion, and the reasons for such.

Although the Court recognizes that by limiting Plaintiff to unskilled work in his RFC, the ALJ may have taken some of Dr. McInroe's restrictions into account, the Court nevertheless believes a more thorough discussion of Dr. McInroe's opinion contained in the most recent Mental RFC Assessment is necessary in this case.

Based upon the foregoing, the Court finds it is appropriate to remand this matter to the ALJ for a more thorough discussion of the various opinions by both the treating and examining physicians regarding Plaintiff's mental and physical limitations.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, this matter is reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 3rd day of August, 2015.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE